IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

_____Brownsville_____ Division

United States District Court
Southern District of Texas
FILED

JUL - 2 2001

Michael N. Milby
Clerk of Court

PETITION FOR A WRIT OF HABEAS CORPUS BY A
<u>PERSON IN STATE CUSTODY</u>

<u>Eliseo Hinojosa Garza, aka Joe Garza</u>

**PETITIONER**
(Full name of Petitioner)

vs.

GARY JOHNSON, DIRECTOR
TEX. DEPT. OF CRIMINAL JUSTICE
**RESPONDENT**
(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner)

Eliseo Garza
TDCJ# 875733
Wm. G. McConnell Unit (ML/48)
3001 South Emily Drive
Beeville, TX 78102

**PLACE OF CONFINEMENT**

__875733__
**PRISONER ID NUMBER**

**B-01-121**

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

AND

THE ATTORNEY GENERAL OF
THE STATE OF _____TEXAS_____ ADDITIONAL RESPONDENT

(If Petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If the petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. Section 2255, in the federal court which entered the judgment.)

INSTRUCTIONS - READ CAREFULLY

1. This Petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or

arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

4. If you do not have the necessary filing fee, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefore. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $50.00, you must pay the filing fee as required by the rule of the district court.

4. Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

5. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

6. When the petition is completed fully, <u>the original and two copies</u> must be mailed to the Clerk of the United States District Court for the Southern District of Texas at the appropriate divisional office.

8. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

## PETITION

7. Name and location of court which entered the judgment of conviction under attack:

<u>107th Judicial District Court, Willacy County, Texas</u> CASE NO. 4120B

2. Date of judgment of conviction: <u>   5-27-99   </u>

3. Length of sentence: <u>      Life      </u>

4. Nature of offense involved (all counts):

<u>Sexual Assault of a Child</u>

5. What was your plea? (Check one)

   [X] Not Guilty  [ ] Guilty  [ ] Nolo contendere

   If you entered a guilty plea to one count or indictment, and not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. Kind of trial: (Check one)   [X] Jury   [ ] Judge Only

7. Did you testify at the trial?   [ ] Yes   [X] No

8. Did you appeal from the judgment of conviction:   [X] Yes   [ ] No

9. If you did appeal, answer the following:

   Name of Court: __13th Court of Appeals, Edinburg, Texas__
   Case #13-99-308-CR

   Result: __Judgment Affirmed__

   Date of result: __January 6, 2000__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications of motions with respect to this judgment in any court, state or federal?

    [X] Yes   [ ] No

11. If your answer to 10 was "Yes" give the following information:

    Name of Court: __Texas Court of Criminal Appeals__

    Nature of proceeding: __Petition for Discretionary Review__

    _____

    Grounds raised:  1) Applicant was restrained before the jury, seriously infringing his presumption of innocence.
    2) The trial court erroneously upheld a "Batson" challenge by the State, forcing Applicant to accept the service of two jurors who Applicant struck.

       3) The trial court erred in allowing evidence of alleged repeated commission of other crimes simply to bolster the testimony of the complainant in this case.

Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes     X   No

Result: _____Refused_____

Date of Result: _____6-21-00_____

As to any *second* petition, application or motion, give the same information:

Name of Court: _____Texas Court of Criminal Appeals_____

Nature of proceeding: _____Application for Writ of Habeas Corpus_____

Grounds raised: 1) Plea wrongly listed as guilty when Applicant plead not guilty.
          2) Ineffective assistance of counsel
          3) Violation of Double Jeopardy, and the witness was coerced into testifying against Applicant
          4) Denial of right to appeal, since Applicant's attorney knowingly filed a frivolous appeal brief.

Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes     X   No

Result: _____Writ Denied_____

Date of Result: _____4-4-01_____

As to any *third* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding: _____

Grounds raised: _____

_____

_____

Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes          ☐ No

Result: _____

Date of Result: _____

Did you appeal to the highest state court having jurisdiction, the result of action taken on any petition, application or motion?

| | | | | |
|---|---|---|---|---|
| First petition, etc. | X | Yes | ☐ | No |
| Second petition, etc. | X | Yes | ☐ | No |
| Third petition, etc. | ☐ | Yes | ☐ | No |

If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION:** In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for

possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS</u>. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h) Conviction obtained by a violation of the protection against double jeopardy.

(i) Denial of effective assistance of counsel.

(j) Denial of right to appeal.

A. Ground One: <u>Conviction due to testimony of a witness who was coerced and forced to testify</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):
Petitioner was not alleging that a coerced witness actually testified during his jury trial in this cause. The State, in answering the State Habeas Corpus Application, made this inference. Petitioner was stating that the father of the victim (Monica Cervantes) in this case, sent word to Petitioner that, Petitioner should get his attorney to contact him because he Had been pressured and forced to make a statement against him, that his daughter was lying; and, that he had at first run the investigator off from his house. Petitioner advised counsel

-6- CONTINUED ON NEXT PAGE

of this individual,who was under subpoena by the State, and what he knew,but trial counsel would not see or approach this individual concerning this.Petitioner was demonstrating ineffective counsel for not interviewing or calling this subpoened state witness who could relate the coercion and falseness involved in this case.Had trial counsel interviewed Roberto Cervantes, a subpoened state witness, it would have indicated coercion and forcefullness to be a fact.

B.  Ground Two: <u>Trial Court erred when upholding the State's "Batson" motion and allowing two jurors which Applicant previously struck to ultimately serve on his jury.</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):( On Batson Motion)

Petitioner objected to juror array that allowed or contained individuals who had viewed Petitioner in leg shackles, or were prejudiced thereby. Used six of ten peremptories to challenge them. State filed a Batson Motion due to lack of females. Trial Court disallowed the six strikes thereby causing two of the original stricken jurors to serve.

C.  Ground Three: <u>Applicant's attorney filed a frivolous appeal brief</u>

Supporting FACTS (tell your story <u>briefly</u> without citing cases of law):
Petitioner did not allege that a frivolous brief was filed on appeal, it was the District Attorney, in his answer to Petitioner's State Habeas Corpus Application, who erroneously misused this term. Petitioner was alleging that the appeal lawyer did not appeal the fact that his original indictment had been dismissed by the State,purportedly for reindictment approximately two or three days after a hearing, Jail Sargeant Juan Salinas,called Petitioner to his jail office and informed that Petitioner's case was dismissed but he had to reindict Petitioner and filled in a purported Reindictment which he (the Sargeant) signed and sent to the District Attorney's office.Petitioner has never seen any copy of a reindictment,nor, is any copy to be found in the District Clerk's Office file. Appellate Counsel failed to motion anything on this reindictment in his appellate brief.

D.  Ground Four: <u>Conviction violates the doctrine of Double Jeopardy</u>

-7-   CONTINUED ON NEXT PAGE

Supporting FACTS (tell your story briefly without citing cases or law):
A victim(Maria Mendoza) at an earlier,conviction,was brought forward to testify in this instant case,not to show modus operandi,but to cause prejudice to Petitioner.This witness could only testify to matters involving the earlier,nonrelated offense,and could offer no evidence to the offense which Petitioner was on trial for.This was,for all intents and purpose, using the evidence(testimony of prior offense victim)of a former conviction to convict on the charge then on trial. This "double-usage of this type, was double jeopardy in all application. It was using the "former" conviction, to convict on the later charge.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, either state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

    ☐ Yes    X   No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: <u>Same on trial and appeal</u>

-8-    CONTINUED ON NEXT PAGE

 

(b)     At arraignment and plea: _____

_____

(c)     At trial: _____

_____

(d)     At sentencing: _____

_____

(e)     On appeal: <u>L. Aron Pena, 800 S. Closner Blvd., Edinburg, Texas, 78539</u>

(f)     If any post-conviction proceeding: _____

_____

(g)     On appeal from any adverse ruling in a post-conviction proceeding:

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

☐    Yes       X    No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐    Yes       X    No

(a)     If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

-9-     CONTINUED ON NEXT PAGE

(b)    And give date and length of sentence to be served in the future:

_____

_____


(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐    Yes            ☐    No

-10-        CONTINUED ON NEXT PAGE

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on __6-25-01__ (date).

*Eliseo H Garza*
Signature of Petitioner

11