United States District Court
Southern District of Texas
FILED

DEC 0 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *ELISEO HINOJOSA GARZA* | § | |
| *A.K.A.: JOE GARZA,* | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-01-121 |
| | § | |
| *JANIE COCKRELL,  DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL,* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES respondent, Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division ("the Director"), by and through her attorney, the Attorney General of Texas, and files this her Motion for Summary Judgment with Brief in Support.

### I.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

### II.

### DENIAL

The Director denies each and every allegation of fact made by petitioner ("Garza") except those supported by the record and those specifically admitted herein.

### III.

### STATEMENT OF THE CASE

**Course of Proceedings and Disposition Below**

The Director has lawful custody of Garza pursuant to a judgment and sentence of the 107th

District Court of Willacy County, Texas, in cause number 4120-B, styled *The State of Texas v. Eliseo Hinojosa Garza, A/K/A Joe Garza.* Transcript ("Tr") at 41-43. Garza was charged with the felony offense of sexual assault of a child. Tr 1. He entered a plea of not guilty and was tried by a jury which on February 19, 1999, found him to be guilty. Tr 41-42. The trial court assessed punishment of imprisonment for life. *Id.*

Garza's conviction was affirmed by the Thirteenth Court of Appeals of Texas on January 6, 2000. *Garza v. State*, No. 13-99-208-CR; 10 S.W.3d 765 (Tex. App. – 2000). The Texas Court of Criminal Appeals refused his petition for discretionary review on June 21, 2000. Garza has filed one state writ application. *Ex parte Garza*, No. 48,841-01. The Texas Court of Criminal Appeals denied the writ without written order on April 4, 2001. *Id.* at cover.

**Statement of Facts**

The Thirteenth Court of Appeals of Texas summarized the relevant facts of the case as follows:

> It was undisputed that the victim, M.C., was not [Garza]'s spouse and was younger than seventeen years of age. She testified that on several occasions, [Garza] offered her money for sex and she complied. She described several instances where [Garza] would approach her and ask her to remove her clothing. He would then proceed to have sex with her. On cross-examination, [Garza]'s counsel attempted to refute the fact that there was penetration because M.C. described [Garza]'s penis as "soft." However, M.C. testified under direct examination that on her first encounter with [Garza], he had penetrated her and stayed on top of her for fifteen minutes before somebody began knocking on the door of the motel office.
>
> Dr. Maria Abella examined M.C. on the day M.C. reported [Garza] to the police. M.C. explained to her that she would receive small sums of money to have sex with [Garza], and when Dr. Abella asked, "What do you mean when you say you had sex?", M.C. responded that [Garza] would put his penis into her vagina and this would take place for ten or fifteen minutes. Dr. Abella stated the examination revealed that the child's hymen was not intact. While this would be indicative of sexual activity, Dr. Abella added that some girls don't have their hymen intact for some reason or another, and even if they have never had sex at all.

*Garza*, No. 13-99-208-CR, at 11-12; 10 S.W.3d at 771.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Garza's allegations to be as follows:

1.      Garza's conviction was obtained due to testimony of a witness who was coerced and forced to testify.

2.      The trial court erred when it upheld the state's *Batson* challenge.

3.      Garza received ineffective assistance of counsel because appellate counsel failed to raise an indictment issue on appeal.

4.      Garza's conviction violates the doctrine of double jeopardy because a victim from an earlier conviction testified during the instant case.

## V.

## STATE COURT RECORDS

Records of Garza's state trial, appeal and state habeas corpus proceedings are available for the court's inspection and will be forwarded to the court as soon as they have been reproduced.

## VI.

## EXHAUSTION OF STATE REMEDIES

The Director believes that Garza has sufficiently exhausted his state remedies as required by 28 U.S.C. §2254(b), (c) with regard to the issues briefed in this motion; therefore, the Director does not move for dismissal for failure to exhaust.

## VII.

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

**Standard of Review**

A party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the

3

moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Here, the record developed in the state courts shows that the Director is entitled to judgment as a matter of law.

Additionally, Garza's petition is governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA applies to Garza's application because the application was filed after the date of the act's passage. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998). Under the 1996 amendments to the federal habeas corpus statute embodied in the AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2000).

Thus, the Supreme Court has held that federal courts may not grant the writ merely on a finding of error by a state court, but instead only if a state court "arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *(Terry) Williams v. Taylor,* 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000), *quoted in Montoya v. Johnson,* 226 F.3d 399, 404 (5th Cir. 2000), *petition for cert. filed.*

Absent a direct conflict with Supreme Court authority, habeas relief is available only if the state-court decision is factually or legally unreasonable. *Montoya v. Johnson,* 226 F.3d at 404. "[A]n

4

*unreasonable* application of federal law is different from an *incorrect* or *erroneous* application of federal law." *Williams v. Taylor,* 529 U.S. at 412, 120 S. Ct. at 1523 (original emphasis). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 1522, 120 S. Ct. at 411. An "unreasonable application" occurs "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523, 120 S. Ct. at 413.

In review of a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." § 2254(e)(1); *Jackson v. Johnson,* 150 F.3d 520, 524 (5th Cir. 1998). Moreover, where the petitioner

> has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>
> (A) the claim relies on
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

28 U.S.C. § 2254(e) (2); *Murphy v. Johnson,* 205 F.3d 809, 815 (5th Cir. ), *cert. denied,* 121 S. Ct. 380 (2000).

Thus, in the state courts a petitioner "must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e) prohibits an

evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met." *(Michael) Williams v. Taylor,* 529 U.S. 420, 437, 120 S. Ct. 1479, 1491 (2000).

1.     **Garza's claim that his conviction was obtained due to testimony of a witness who was coerced and forced to testify is without merit and must be denied.**

Garza alleges that his conviction was the result of the testimony of a witness who was coerced and forced to testify. Specifically, Garza alleges that Roberto Cervantes was coerced and forced to testify. A review of the record reveals that Roberto Cervantes never testified at trial. Accordingly, this claim is frivolous.

In any event, Garza merely offers this conclusory allegation without any evidentiary support. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F. 2d 1008, 1011 (5th Cir. 1983)(citing *Woodard v. Beto*, 447 F. 2d 103 (5th Cir.), *cert. denied*, 404 U.S. 957, 92 S. Ct. 325 (1971)).

It appears that Garza may be alleging ineffective assistance of counsel for failure to call Roberto Cervantes. If this court construes this claim as ineffective assistance of counsel for failure to call Roberto Cervantes, this claim would be procedurally barred because Garza failed to raise this claim on direct appeal or in his state writ application. Alternatively, this claim would be conclusory and must be denied. "Where the only evidence of a missing witness' testimony is from the defendant, this Court [Fifth Circuit] views claims of ineffective assistance with great caution." *See Lockhart v. McCotter,* 782 F.2d 1275, 1282 (5th Cir. 1986), *citing Schwander v. Blackburn,* 750 F.2d 494, 500 (5th Cir. 1985); *see also United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983) (Cockrell failed to produce the affidavit of the uncalled witness). Garza has failed to supply the state court or this court with an affidavit from the alleged witness. Further, "[i]n order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony

6

would have been favorable, but also that the witness would have testified at trial." *See Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985), *citing Boyd v.Estelle,*661 F.2d 388, 390 (5th Cir. 1981); *Gomez v. McKaskle,* 734 F.2d 1107, 1109-10 (5th Cir.), *cert. denied,* 469 U.S. 1041, 105 S.Ct. 524 (1984). Garza has not proved that the alleged witnesses would have appeared at trial and testified. For the reasons set out above, this claim must be denied.

> 2.    **The state court's decision to deny relief to Garza's *Batson* claim must be upheld.**

Garza alleges that the trial court erred when it upheld the state's *Batson*[1] challenge. Garza raised this claim on direct appeal, and the Thirteenth Court of Appeals of Texas held that:

> Appellant complains in his third point of error that the trial court committed reversible error when it required him to accept two female jurors that he had stricken with his allotted peremptory challenges.

> At the conclusion of voir dire, and after both sides had made all their peremptory strikes, the State made the court aware that no females would be seated on the jury. The State made a *Batson* motion and challenged appellant's strikes alleging that gender played a role in his decision to use six of his ten strikes against females. Although appellant's counsel explained that it was not his intention to purposely strike the females, the court required him to provide his reasons for exercising his peremptories against the females.

> The authority for the State's challenge is found in the U.S. Supreme Court's holding in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). There, the Court explained that the U.S. Constitution "prohibits all forms of purposeful racial discrimination in the selection of jurors" and a prosecutor cannot use a peremptory strike against a veniremember solely on account of race. *Id.* at 88-89. But the ability to challenge peremptory strikes on the basis of race is not limited to the defendant. In *Georgia v. McCollum,* 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), the Court made it clear that the prosecution could also bring a *Batson* challenge against racial discrimination by a defendant.

> The Supreme Court extended its holding in *Batson* to gender-based peremptory challenges in *J.E.B. v. Alabama,* 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994), where the Court found that the harm caused by racial discrimination in the jury selection process occurs with gender discrimination as well. Thereafter, the Texas Court of Criminal Appeals applied *J.E.B.* when it held that the State's peremptory

---

[1]    *Batson v. Kentucky,* 476 U.S. 79 (1986).

challenges of seven male veniremembers was a violation of the Equal Protection Clause because the State failed to articulate gender-neutral explanations for the challenges. *Fritz v. State,* 946 S.W.2d 844, 847 (Tex.Crim.App.1997).

The analysis used to test a *Batson* challenge consists of three steps. First, the party challenging the discriminatory strikes (in this case, the State) is required to establish a prima facie showing of discrimination against an eligible veniremember. To make such a case, the party must show that relevant circumstances raise an inference that the defendant made a gender-based strike. After the State has made a prima facie case, the burden shifts to the defendant to come forward with a gender-neutral reason for the strike. And finally, if the defendant offers a gender-neutral explanation, the burden shifts back to the State to persuade the court that the defendant's purported reasons for its peremptory strikes were a mere pretext and were in fact motivated by gender. *See Batson,* 476 U.S. at 94-98, 106 S.Ct. 1712.

We address *Batson* issues by using a "clearly erroneous" standard of review. *Hill v. State,* 827 S.W.2d 860, 865-66 (Tex.Crim.App.1992); *Whitsey v. State,* 796 S.W.2d 707, 726 (Tex.Crim.App.1989). To determine whether the fact finder's decision is "clearly erroneous," appellate courts look to the record to see if they are left with the definite and firm conviction that a mistake has been committed. *Hill,* 827 S.W.2d at 865. In doing so, the evidence must be considered in the light most favorable to the trial court's rulings. *Id.*

In the present case, the State objected to appellant's peremptory strikes and made a prima facie case of gender discrimination by indicating to the trial judge that, in calling the first twelve jurors that had not been excused or stricken, no women would be seated on the jury. The State also indicated that appellant had used six of his ten strikes against women. Although six strikes out of ten is not greatly disproportionate, we find the State made a prima facie case by showing that the six strikes would effectively remove all women from sitting on the jury.

Appellant's counsel responded by attempting to offer gender-neutral reasons for exercising his strikes. As to veniremember Chris Lopez, counsel stated he used a strike because he believed the prosecutor knew her because he called her by her first name during voir dire. The prosecutor told the court he did not know Ms. Lopez, but only used her first name because it was on her jury information card. As to veniremember Delia Aparicio, counsel explained that she was struck because her husband worked for the sheriff's department. Counsel stated that he struck Paula Solis because she was a single woman in her fifties and this concerned him because "single people are afraid of crime in general. They live alone in many instances." Counsel gave a similar reason for striking Clara Flores. As to Jessica Berrones, defense counsel explained that she worked as a nurse and he assumed her job was associated with child care. He also expressed concern about Ms. Berrones because she had four

8

children.   As to Betty Williams, counsel's only reason to the court was that she was self-employed and in her late sixties.

The court was not satisfied with appellant's reasons and the State suggested that appellant's counsel reconsider some of his strikes.   To remedy the problem, the court disallowed appellant's six peremptory strikes against the females and gave appellant an opportunity to exercise another six strikes.  Appellant maintained four of his six strikes against four of the women he had previously struck arguing that he had "a very reasonable basis to have exercised those strikes other than gender."  The effect of this procedure allowed two women to sit on the jury who had initially been struck, and the court and the State agreed that this would be acceptable.  Appellant contends that the reinstatement of these two jurors was clearly prejudicial and that the use of his peremptory challenges is a basic right to a fair jury trial.

After a thorough review of the record, we find that the trial court's actions were not "clearly erroneous" with respect to its finding that the appellant had failed to provide gender-neutral reasons for striking the women.  Furthermore, a trial court's reinstatement of improperly excluded veniremembers to the jury, rather than dismissing the entire array is an acceptable remedy for constitutional purposes. *Curry v. Bowman*, 885 S.W.2d 421, 424-25 (Tex.Crim.App.1993); *Sims v. State*, 792 S.W.2d 81, 82 (Tex.Crim.App.1990).   Appellant's third point of error is overruled.

*Garza*, slip op. at 5-9; 10 S.W.3d at 768-70.  The Texas Court of Criminal Appeals subsequently refused Garza's petition for discretionary review.  This was an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999).   Therefore, this court cannot grant habeas corpus relief unless it determines that the state court's determination was in conflict with clearly established federal law as determined by the Supreme Court or that it "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).   In addition, the factual determinations underlying the adjudications are entitled to a presumption of correctness. 28 U.S.C. § 2254(e).

Federal habeas review of a state court's determination on a *Batson* claim requires a reviewing federal court to accord a presumption of correctness to the state court's factual findings, and demands that the presumption be rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Thompson v. Cain*, 161 F.3d 802, 811 (5th Cir. 1998).  Garza has failed to provide any evidence to overcome this presumption.  Consequently, he is not entitled to federal habeas corpus relief.

3.    **Garza's claim that he received ineffective assistance of appellate counsel is
without merit and must be denied.**

Garza alleges that he received ineffective assistance of counsel on appeal. Specifically, Garza

alleges that appellate counsel should have raised an issue concerning the dismissal of his first

indictment and subsequent filing of a new indictment. This claim is frivolous.

In *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court

enunciated a two-prong test for determining whether counsel was ineffective or not. The test requires

that a petitioner show that counsel's performance was deficient and that the deficient performance

prejudiced the defense. *Id.* at 687, 104 S. Ct. at 2064. A reviewing court may dispose of a claim if

either counsel rendered reasonably effective assistance or there was a lack of prejudice. If one is

found dispositive, it is not necessary that the court address the other. *Id.* at 697, 104 S. Ct. at 2069-

70. The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel

is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence.

*Jernigan v. Collins,* 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied,* 508 U.S. 978, 113 S. Ct. 2977

(1993).

First, the proper standard for determining whether counsel's performance was constitutionally

adequate, is that of "reasonably effective assistance." *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064.

Merely alleging that counsel's performance was deficient is not enough; instead, a petitioner must

show that counsel's performance fell beyond the bounds of prevailing, objective, professional

standards. *Id.* at 688, 104 S. Ct. at 2064-65. Furthermore, in determining the merits of an alleged

Sixth Amendment violation, courts "must be highly deferential" to counsel's conduct. *Id.* at 689, 104

S. Ct. at 2065. A reviewing court "must strongly presume that trial counsel rendered adequate

assistance and that the challenged conduct was the product of a reasoned trial strategy," *Wilkerson*

*v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921, 113 S. Ct. 3035 (1993),

and every effort must be made to eliminate the "distorting effects of hindsight." *Strickland,* 466 U.S.

at 689, 104 S. Ct. at 2065.

10

In addition, the petitioner may not simply allege, but must "affirmatively prove" prejudice. *Id.* at 693, 104 S. Ct. at 2067. To demonstrate prejudice, a petitioner must show that as a result of trial counsel's unprofessional errors, there exists a reasonable probability that the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. Moreover, where the facts adduced at trial point overwhelmingly to the defendant's guilt, any ineffective-assistance-of-counsel claim must fail for lack of prejudice. *Moawad v. Anderson,* 143 F.3d 942, 948 (5th Cir.), *cert. denied,* 516 U.S. 952, 119 S. Ct. 383 (1998); *Williams v. Scott,* 35 F.3d 159, 164 (5th Cir. 1994), *cert. denied,* 513 U.S. 1137, 115 S. Ct. 959 (1995); *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir. 1993); *United States v. Royal,* 972 F.2d 643, 651 (5th Cir. 1992), *cert. denied,* 507 U.S. 911, 113 S. Ct. 1258 (1993). Finally, a reviewing court is required to presume that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066; *Amos,* 61 F.3d at 347-48.

A defendant is constitutionally entitled to effective assistance of counsel on appeal where the appeal is a matter of right under state law. *Evitts v. Lucey,* 469 U.S. 387, 394-95, 105 S. Ct. 830, 835 (1985); *Douglas v. California,* 372 U.S. 353, 355-56, 83 S. Ct. 814, 815-16 (1963). Where an allegation of ineffective assistance of appellate counsel is based on failure to advance certain issues on appeal, courts have refused to find counsel ineffective when the proposed issues are without merit. *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981); *Hooks v. Roberts,* 480 F.2d 1196, 1197-98 (5th Cir.), *cert. denied,* 414 U.S. 1163, 94 S. Ct. 926 (1974). Appellate counsel is not ineffective because he failed to raise the issues presented by the defendant or because he failed to raise every possible point on appeal. *Sharp v. Puckett,* 930 F.2d 450, 452 (5th Cir. 1991). "'It is not required that an attorney argue every conceivable issue on appeal, especially when some may be without merit. Indeed, it is his professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach.'" *Jones v. Barnes,* 463 U.S. 745, 749, 103 S. Ct. 3308, 3311 (1983) (citation omitted). Further, appointed counsel prosecuting an appeal on an adequate trial record is not constitutionally required to confer with his client about legal issues to be presented on

11

appeal. *Hooks*, 480 F.2d at 1197. Here, appellate counsel's alleged deficiencies did not prevent appellate review or entirely fail to challenge the prosecution's case. Thus, Garza must demonstrate that counsel's deficiency was prejudicial within the meaning of *Strickland v. Washington, supra.* *Sharp*, 930 F.2d at 452; *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir.), *cert. denied*, 479 U.S. 965, 107 S. Ct. 466 (1986). Garza must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Since Garza is challenging appellate counsel's effectiveness, in order to prove prejudice he must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the appeal].'" *Sharp*, 930 F.3d at 453 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). Garza has failed to show deficient performance or prejudice.

On direct appeal, Garza's appellate counsel claimed that the trial court erred in refusing to dismiss a second indictment that was not brought within the next term of court following Garza's arrest. *Garza*, slip op. at 9; 10 S.W.3d at 770. The Thirteenth Court of Appeals held that "a defendant cannot complain of the timeliness of a second or other indictment under article 32.01 once a valid and timely indictment has been secured by the State." *Id.* at 10; 10 S.W.3d at 770. Thus it is clear that appellate counsel did in fact raise this issue and Garza's claim is frivolous. Accordingly, this claim must be denied.

### 4. Garza's claim that his conviction violates double jeopardy is without merit and must be denied.

Finally, Garza alleges that his conviction violates double jeopardy because a victim from a prior conviction testified during the trial of the instant case. This claim is frivolous. The Double Jeopardy Clause of the fifth amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Under this clause, a criminal defendant is protected from both successive punishments and successive prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 2855 (1993). In this case, neither situation

12

occurred; Garza was not punished twice for the same offense, nor was he prosecuted twice for the same offense. Rather, the testimony of Maria Mendoza concerning this extraneous offense was admitted to show preparation or plan. *Garza*, slip op. at 14; 10 S.W.3d at 772. The Thirteenth Court of Appeals held that "the trial court did not abuse its discretion in admitting the evidence of the extraneous offenses to show a common scheme, preparation, or plan by [Garza]." *Id.* at 15, 10 S.W.3d at 772. Accordingly, Garza has failed to show that his conviction violates double jeopardy and his claim must be denied.

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that summary judgment be entered in her behalf and that Garza's petition for writ of habeas corpus be denied.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
  for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney in Charge

*JAMES M. TERRY, JR.
Assistant Attorney General
State Bar No. 24005199

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

13

## NOTICE OF SUBMISSION

To: Eliseo Garza, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

JAMES M. TERRY, JR.
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, James M. Terry, Jr., Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion for Summary Judgment With Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 4th day of December, 2001, addressed to:

Eliseo Hinojosa Garza
TDCJ-ID # 875733
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

JAMES M. TERRY, JR.
Assistant Attorney General

14