United States District Court
Southern District of Texas
FILED
DEC 27 2001
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELISEO HINOJOSA GARZA | § | |
| AKA JOE GARZA | § | |
| PETITIONER | § | |
| VS. | § | |
| JANIE COCKRELL | § | CIVIL ACTION No. B-01-121 |
| Director, Texas Department of | § | |
| Criminal Justice | § | |
| Respondent | § | |

PETITIONER'S REPLY TO THE RESPONDENT'S
SUMMARY JUDGEMENT WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

The Petitioner Eliseo Hinojosa Garza, AKA-Joe Garza makes and file's this Reply to the Responent's Summary Judgement with Brief in Support:

I

The Petitioner would respectfully show this Honorable Court that the Respondent's Summary Judgement with Brief in Support does not properly address his first ground of error: Namely on Page 6 of the Respondents Summary Judgemtnt with Brief in Support, state's: "Garza's claim that his conviction was obtained due to testimony of a witness who was coerced and forced to testify is without merit and must be denied."

It clearly state's in Petitioner's 28 U.S.C. §2254 on Page 6; Petitioner was not alleging that a coerced witness actually testified during his jury trial in this cause. The State, in answering the State Habeas Corpus Application, made this interference. Petitioner was stating that the father of the victim (Monica Cervantes) in this case, sent word to Petitioner that, Petitioner should get his attorney to contact him because he had been pressured

1

and forced to make a statement against him that his daughter was lying; and, that he had at first run the investigator off from his house. Petitioner advised counsel of this individual, who was under subpoena by the State, and what he knew, but trial Counsel would not see or approach this individual concerning this. Petitioner was demonstrating ineffective assistance of counsel for not interviewing or calling this subpoenaed state witness who could relate the coercion and falseness involved in this case. Had trial counsel interviewed Roberto Cervantes, a subpoenaed state witness, it would have indicated coercion and forcefullness to be a fact.

## II

Petitioner would respectfully show this Honorable Court that the Respondent's Summary Judgement with Brief in Support fails to properly address Petitioner second ground of error, on Page 7 of Respondent's Summary Judgement with Brief in Support states: "The state Court's decision to deny relief to Garza's Batson claim must be upheld."

Petitioner would show this Honorable Court that the Judge who is "female", clearly violated Petitioner's right to a fair Trial based on the fact that the Trial Judge removed two male Jurror's and replace them with two female Jurror's that had been removed by the defense based on preemptory strikes that the defense had lawfully used, there was no evidence that gender played a rule in striking the females.

The Trial Judge abuse her discretion and clearly violated Petitioner's right to a fair and impartial Jury by forcing the Defense over objection to take the two Jury members that had been removed based on Preemptory Strikes. In the Respondent's Brief they fail to clearly answer Petitioner's second ground of error. On Page 7 of Petitioner 28 U.S.C.§2254, "Petitioner objected to Juror array that allowed or contained individuals who had viewed Petitioner

2

in leg shackles, or were prejudiced thereby." The Respondent failed to answer this ground of error. Petitioner clearly stated that he was denied a fair Trial based on the fact that Jury members viewed Petitioner in leg shackles, the Jury Panel was in fact prejudiced by this fact.

### III

Petitioner would respectfully show this Honorable Court that the Respondents Motion for Summary Judgement and Brief in Support did not properly answer Petitioner's claim of ineffective assistance of Counsel.

On Page 10 Respondent's Motion for Summary Judgement it stated that, "Garza's claim that he received ineffective assistance of Appellate Counsel is without Merit and must be denied."

On Page 7 of the 28 U.S.C. §2254 Petitioner clearly stated that "Petitioner did not allege that a frivolous brief was filed on appeal, it was the District Attorney, in his answer to Petitioner's state habeas corpus Application, who erroneously misused this term. Petitioner was alleging that the appeal Attorney (who was the Trial Attorney) did not appeal the fact that his original indictment had been dismissed by the State, purportedly for reindictment approximately two or three days after a hearing. Jail Sargeant Juan Salinas, called Petitioner to his jail office and informed Petitioner that Petitioner's case was dismissed but he had to reindict Petitioner and filled in a purported reindictment which he (the Sargeant) signed and sent to the District Attorney's Office. Petitioner has never seen any copy of a reindictment, nor is any copy of a reindictment found in the District Clerk's Office file. Appellate Counsel failed bring up the reindictment issued in his appellate brief.

The most important issue that was not raised in Petitioner Defense to the 13th Court of Appeals of Texas, "That the alleged victim (M.C.) Monica

3

Cervantes was taken to Harlingon Hospital for examination by the Dr. Marie Abella. Dr. Abella stated, on the witness stand, that the Examination showed that the victim (M.C.) Monica Cervantes had sexual transmitted disease. Petitioner was sent by the Sheriff Deputy Gloria Garza to two Doctors, Dr. Cantu and Cr. Mongrmony Divis to be examined for Sexual Diseases, the test of both Doctors were sent to two different Labs and the result came from different Labs were clean of any Sexual Disease, negative. These Lab reports were read on the witness stand by Deputy Gloria Garza, the D.A. was surprised to hear that Petitioner was sent to two Doctors, D.A. requested to stop the Hearing and my Attorney asked to Dismiss the case; however, the case was not dismissed and Petitioner was taken to Jail.

About 2 or 3 days later the D.A. sent word to the Willacy Jail Sgt. to tell Petitioner that his case was dismissed and told Sergeant to reindict Petitioner, it was done in the County Jail Sgt.'s Office. The D.A. dismissed the case on his own as he knew that the Grand Jury or the District Judge wouldn't reindict in the case. This was the most important issue that was not raised in my defense.

IV

Petitioner would respectfully show this Honorable Court that the Respondent Motion for Summary Judgement and Brief in Support did not properly response to Petitioner's fourth ground of error.

On Page 7 and 8 of the 28 U.S.C.§2254, conviction violated the doctrine of Double Jeopardy. A victim (Maria Mendoza) at an earlier conviction, was brought forward to testify in this instance case, not to show modus operandi but to cause prejudice to Petitioner. This witness could only testify to matters involving the earlier, non related offense, and could

4

offer no evidence to the offense which Petitioner was on trial for. This was, for all intents and purpose using the evidence (testimony of prior offense victim) of a former conciction to convict on the charge then on trial. This "double usage of this type, was double jeopardy in all application. It was using the "former" conviction, to convict on the later charge. Respondent did not properly answer this ground of error.

V

Petitioner would like to point out to this Honorable Court that there is two sides to this story and Petitioner has not had the opportunity to tell his side of the story.

Petitioner's Trial Attorney would not let him testify at trial the Attorney told Petitioner, "You talk to much!"

Petitioner would also like to point act to this Honorable Court that the Respondent's Attorney is not investigating the Court Records, of this case, the Respondent Attorney is only looking at the record that the District Attorney has in his office which does not describe Petitioner's case.

Petitioner request that this Court conduct an investigation into the factual allegation of the first indictment being dismissed and the reindictment of Petitioner that was done in the office of the Jail Sargeant Juan Salinas to this day Petitioner has not received a copy of the Second Indictment as well as investigate the factual allegations of being shackled in front of the Jury Panel. Furthermore, Petitioner did not get to enter a plea before the Judge, the Trial Judge stated that the court would assess Punishment. Petitioner was never given the opportunity to elect the Jury to assess Punishment. Trial Attorney never discussed this matter with Petitioner. Petitioner would respectfully request that this Court would investigate this matter and grant Petitioner a New Trial.       Respectfully S.

*Eliseo H*