13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| ELISEO HINOJOSA GARZA, a/k/a § | | |
| JOE GARZA, § | | |
|     Petitioner, § | | |
| § | | |
| VS. § | | |
| § | | |
| JANIE COCKRELL, DIRECTOR, § | CIVIL ACTION NO. B-01-121 | |
| TEXAS DEPARTMENT OF § | | |
| CRIMINAL JUSTICE, § | | |
| INSTITUTIONAL DIVISION, § | | |
|     Respondent. § | | |

United States District Court
Southern District of Texas
ENTERED

JAN 3 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Pending before the Court is Petitioner Eliseo Hinojosa Garza's (a/k/a Joe Garza) Petition for Writ of Habeas Corpus (Docket No. 1), Respondent Janie Cockrell's, Director, Texas Department of Criminal Justice, Institutional Division, Motion for Summary Judgment (Docket No. 11), and Garza's Reply to Cockrell's Motion for Summary Judgment (Docket No. 12). For the reasons explained below, Garza's habeas petition should be denied and Cockrell's summary judgment motion should be granted.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). Once the movant establishes the absence of a factual dispute, the burden shifts to the nonmovant to show that summary judgment is inappropriate. The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *See Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 256 (1986). Instead, the nonmovant must provide specific facts that show the case presents a genuine issue of material

1

fact, such that a reasonable jury might return a verdict in his favor. *See id.* at 242.

## AVAILABILITY OF FEDERAL HABEAS RELIEF

Garza's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a petitioner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Thus, habeas relief is available only if a state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The decision of the state court must be legally or factually unreasonable. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). An "unreasonable application" occurs "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Taylor*, 529 U.S. at 413.

In reviewing a prisoner's habeas petition, state court factual determinations are presumed to be correct, and the petitioner must rebut the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998). Moreover, where the petitioner

> has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

2

> (A) the claim relies on
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Thus a petitioner must be diligent to develop the record in state court and presenting, if possible, all claims of constitutional error. *See Williams v. Taylor*, 529 U.S. 420, 435 (2000). If a prisoner fails to ensure the full and fair adjudication of his claims, section 2254(e) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. *Id.*

## GARZA'S CLAIMS FOR RELIEF

Garza's petition raises several grounds upon which he should be afforded habeas relief. First, Garza claims ineffective assistance of counsel because his attorney failed to call Roberto Cervantes as a witness. According to Garza, Cervantes would have testified that the investigator handling the case attempted to coerce Cervantes to testify against the petitioner and that his daughter fabricated the alleged sexual assault. Cervantes did not raise this issue on direct appeal or in his state writ application; thus, this argument is procedurally barred.

Garza's second claim is that the trial court committed error when it upheld the state's *Batson* motion because Garza had used his preemptory strikes to effectively remove all women from sitting on the jury. The Thirteenth Court of Appeals thoroughly considered the merits of this argument, holding that "the trial court's actions were not 'clearly erroneous' with respect to its finding that

3

[Garza] had failed to provide gender-neutral reasons for striking the women." *Garza v. Texas*, 10 S.W.3d 765, 770 (Tex. App.—Corpus Christi 2000). The Texas Court of Criminal Appeals subsequently refused Garza's petition for discretionary review. The action of the state courts constituted a full adjudication on the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir.1999). This court must accord a presumption of correctness to the factual determinations of the state courts. Garza has not provided any evidence, much less clear and convincing evidence, that the state courts' factual findings were incorrect. Consequently, no habeas relief is available with respect to this claim.

Garza further argues that the trial court erred in failing to grant a mistrial after some members of the jury panel may have seen him in shackles. The state courts fully adjudicated the merits of this claim. The Thirteenth Court of Appeals relied on Fifth Circuit precedent to hold that "a brief and fortuitous encounter of the defendant in handcuffs by jurors is not prejudicial per se and requires an affirmative showing of prejudice by the defendant." *Garza*, 10 S.W.3d at 767. It concluded that Garza made no affirmative showing of prejudice, and that even if he had made a showing, he waived this error by not questioning members of the jury panel for the purpose of excluding any members who may have viewed him in shackles. *Id.* The court also noted that Garza failed to request that the trial court give a limiting instruction to the jury panel or to the jury after it was impaneled. *Id.* at 768. Garza has failed to demonstrate in his habeas petition that the state court's application of the law was unreasonable.

Garza also alleges that he received ineffective assistance of counsel on appeal because his attorney did not raise an issue concerning the dismissal of his first indictment and the subsequent filing of a new indictment. This argument is frivolous because Garza's counsel did in fact raise this

4

issue, and the Thirteenth Court of Appeals addressed it. *See Garza*, 10 S.W.3d at 770. Accordingly, this claim is denied.

Garza further claims that his conviction violates the Double Jeopardy Clause because the trial court admitted the testimony of a victim from a prior conviction. This claim is meritless. The Double Jeopardy Clause protects a criminal defendant from successive punishments and successive prosecutions for the same criminal offense. U.S. CONST. amend. V; *see also United States v. Cruce*, 21 F.3d 70, 72 (1994). Neither of these situations has occurred here; Garza was not punished twice for the same offense, and he was not prosecuted twice for the same offense. The testimony of the earlier victim was admitted to show the plan or preparation that Garza used to lure young girls to his place of business and then molest them by offering money for sexual favors. The Double Jeopardy Clause is not at all applicable.

IT IS therefore **RECOMMENDED** that Cockrell's motion for summary judgment be **GRANTED**. IT IS further **RECOMMENDED** that Garza's petition for writ of habeas corpus be **DENIED** and this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 30th day of January, 2002.

John Wm. Black
United States Magistrate Judge