Case 1:01-cv-00121   Document 15   Filed in TXSD on 10/06/2003   Page 1 of 14

15

United States District Court
Southern District of Texas
FILED

OCT - 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

USDC No.        B-01-121
FIFTH CIRCUIT NO.   0-2-41237 GARZA V. DRETKE

ELISEO HINOJOSA GARZA,

                   PETITIONER-APPELLANT

VS.

DOUG DRETKE, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION

                   RESPONDENT-APPELLEE

**PETITIONER-APPELLANT'S 60B MOTION
NEWLY DISCOVERED EVIDENCE**

TO THE HONORABLE JUDGE OF SOUTHERN DISTRICT COURT:

    COMES NOW, Eliseo Hinojosa Garza, Petitioner pro se, in the above referenced cause, and files this Petitioner-Appellant's 60B Motion, Newly Discovered Evidence. The Petitioner respectfully shows the court the following:

**STATEMENT OF JURISDICTION**

    Petitioner's Application for Writ of Habeas Corpus was denied on the 11th day of October, 2002. Rule 60B, Newly Discovered Evidence states that said motion shall be made within a reasonable time, and for reasons (1)(2), and (3) not more than one year after the judgement order, or proceeding was entered or taken. Petitioner also understands that this Honorable Court may entertain an independent action to relieve a party from a judgment, order, or proceeding, or grant relief to a defendant not actually personally notified as provided in

Title 28 U.S.C., §1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Petitioner hereby submits this 60B Motion, Newly Discovered Evidence to this Honorable Court through the exercise of due diligence and alacrity he has tried to obtain a copy i.e. proof that there was in fact no "<u>Arrest Warrant</u>" in this case. On March 11, 2003, Petitioner submitted an Open Records Request to the Willacy County District Clerk, Mr. Gilberto Lozano, 107th Judicial District Court, Court House pertaining to Cause No.4120B. The above said open records request was Notorized by Josefina G. Fambrough on March 11, 2003. The Office Of The District Clerk, Gilbert Lozano, responded with a letter and stated, "In answer to your letter dated "March 2003, TO WIT: open Records Request" we have not been able to locate an "Arrest Warrant and Affidavit of arrest for the 16th day of April 1998 A.D."...

## STATEMENT OF THE CASE

Appellant Eliseo Hinojosa Garza ("Joe Garza"), is presently incarcerated at TDCJ and serving a life sentence upon a conviction of sexual assault of a child and indecency with a child.

By this Motion, Petitioner moves to vacate the judgment of conviction and sentence entered on May 27, 1999 and request a new trial on both the guilt and penalty phases. Mr. Garza was tried by a jury, Judge Migdalia Lopez presiding, and convicted

2

of charges. Punishment was elected by Judge and no sentencing hearing was held. The court, through Judge Migdalia Lopez, formally imposed a Life sentence with one (1) enhancement. Mr. Garza then pursued a direct appeal, which culminated in a decision by the Texas Thirteenth Court of Appeals affirming his conviction and life sentence. <u>Garza v. State</u>, 10 S.W. 3d.765(2000). A PDR was filed by Mr. Pena , then filed both State and Federal Habeas Corpus claims, all denied.

### STATEMENT OF ISSUE PRESENTED FOR REVIEW

Appellant asserts and sets out to prove to this Honorable Court, that his restrain and sentence of life frsults from a conviction and sentence that was obtained in violation of the Constitution of the State of Texas and of the Constitution of the United States. In support of this Petition, (Motion), petitioner alleges as follows:

(1). Did the Warrantless Arrest and Conviction of Mr. Garza violate his Fourth Amendment rights under the U.S. Constitution.

### POINT OF REVIEW

Did the Warrantless Arrest and Conviction of Mr. Garza violate his Fourth Amendment right under the U.S. Constitution?

### STATEMENT OF FACTS

On April 16, 1998, Mr. Garza was approached at approximately 6:30 P.M., outside of his Motel, by an officer of the Willacy City Police Department. The officer stated that Judge Solis wanted to talk to him. Upon arrival at the police station Mr. Garza was told that the Judge wasn't

available and he had to arrest him.

At the return of the Judge, Mr. Garza was eventually arraigned and bond was set at $25,000.00, bond was posted. On April 21, 1998, Officers once again arrested Mr. Garza for probation violation and revocation hearing in which it declared he violated his condition of not being arrested. No Warrant for initial Arrest exist.

## LEGAL ISSUES

Mr. Garza's first illegal Arrest and Detention was in violation of the Fourth and Fourteenth Amendment, Article I Section 9 of the Texas Constitution, the Texas Code of Criminal Procedure, and the Wright, Federal Practice Procedure Criminal 3d Section 77, Rule 5.

## ARGUMENTS AND AUTHORITIES

"Generally, only fear of imminent destruction of evidence, hot pursuit, immediate threats to the safety of the public or the officers, or other emergencies will be sufficient to justify a warrantless arrest." Hegarty v. Somerset County, 53 F.3d. 1367, 1379 (1st Cir.1995). In the instant case Mr. Garza was told that the Judge wanted to talk to him, was taken to the jail to learn after arriving that he was being arrested . The Judge later admonished his rights and set bail. The exigency of bail and admonishing of Miranda warning and the copy of the motion and affidavit in the attempt to obtain the arrest Warrant and supporting affidavit which is atttached to this application is Prima Facie Evidence of Mr. Garza's arrest without warrant or probable cause on April 16, 1998.(see Exh.A&B)

4

In order for the issuance of a warrant there must be a "substantial basis" for concluding that probable cause exist. Probable Cause is the level of suspicion required to justify certain governmental intrusion upon interests protected by the Fourth Amendment. Ornelas v. U.S., 517 U.S. 690, 695 (1996)." Probable cause means more than bare suspicion but less than absolute certainty, "and" it is basic that an arrest ... must stand on firmer ground than mere suspicion." Wong Sun v. U.S., 371 U.S. 471, 479 (1963).

As long as an arrest by State and Federal law enforcement officers is not repugnant to the United States Constitution, its validity is determined by referenced to the law of the State where the arrest occured. See Texas Code of Criminal Procedure Art. 2.12.(5), 14.01, 14.02, 14.03, 14.04, 15.05, 18.01, 18.03, 38.23, and Art. I, section 9 of the Texas Const.. "Warrantless arrest of the defendant was illegal where the defendant was visited at home by officers who had no warrant and came voluntarily to police. "Darden v. State, 783 S.W. 2d 239 (Tex.App. - Corpus Christi 1989). In Rule v. State, 890 S.W 2d. 158, the affidavit of police officer that he had "good reason to believe and does believe" that defendant was responsible for two murders provided no basis for independent determination or probable cause and thus arrest warrant issued pursuant to affidavit was invalid." U.S.C.A. Const. Amend.4. The officer who detained and eventually arrested Garza had no exigent circumstances that justified a "Warrantless Arrest".

An "Arrest" occurs at the moment a person's liberty of

5

movement is restricted or restrained. U.S.C.A. Const. Amend 4; Vernons Ann.Texas Const.Art.1, §9: Vernons Ann.Texas.Const. C.C.P. Art 15.22 Nottingham v. State, 908 S.W.2d 585. Therefore, once the Willacy Police Officer told Mr. Garza to enter the Police car his liberty was restrained, and an "Arrest" occurred.

Warrantless arrests are allowed in Texas in limited circumstances as set out in the Texas Code of Criminal Procedure. Art.14.04,

> Art.14.04. When felony has been committed.
> Where it is shown by satisfactory proof to a
> peace officer, upon the representation of a
> credible person, that a felony has been committed, and that the offender is about to escape so
> that there is no time to procure a warrant, such
> peace officer may, without warrant, pursue and
> arrest the accused.

As previously stated the Peace Officer simply stated that the Judge wanted to talk to Mr. Garza, so consequently, (Art. 14.04 does not apply,)officer had no probable cause for arrest.

The amendment of Rule 5(a) in 1972, providing Probable Cause" Satisfying the Rule 4(a)." N.8, thus the rule now clearly permits an accused to challenge further custody and holding to answer on the basis of lack of probable cause shown in the complaint filed after warrantless arrest. N.9.. This is principally significant when an officer, not authorized to do so by a federal statute, makes an arrest without a warrant, for State law will then determine whether this is permissible. N.14. Wright, fed. Prac.Proc. Crim. 3d Sec. 77, Rule 5. And that the same probable cause standards [are] applicable to federal and state warrant under the Fourth and

6

Fourteenth Amendment.

Mr. Garza contends that the record is void of prima facie evidence which would have authorized his arrest without warrant under the Statutory laws of this State of Texas, see Article 14.01.

The Fourth Amendment of the United States Constitution governs all searches and seizures conducted by government agents. The Fourth Amendment provides: The right of the people to be secure in their persons, houses, papers, and offices against unreasonable searches and particularly describing the place to be searched, or in the instant case the person or applicant-Petitioner Eliseo Hinojosa Garza to be seized.

The Fourth Amendment is applicable to State officials through the Due Process Clause of the Fourteenth Amendment. See Wolf v. Colorado, 338 U.S. 25, 27-28 (1949). This protection against unreasonable government seizures of persons occurs when "in view of all of the circumstances surrounding the incident," a person believes he or she is not "free to leave" an encounter with a governmental official.

This "free to leave analysis" applies where in instant case petitioners freedom of movement was restricted by factors independent of the officers request, the appropriate inquiry is whether a reasonable person would feel free to decline the officers request or otherwise terminate the encounter. Michigan v. Chestnut, 486 U.S. 567, 573 (1998); also Florida v. Bostick, 501 U.S. 429, 432 (1991).

7

**II. Plain error:**

Was it ineffective assistance of counsel and violation of the "plain error rule" for trial counsel's failure to file a motion of illegal arrest and failure to object to illegal arrest at trial, and appellate counsel's failure to raise petitioner's 4th amendment claim on direct appeal?

Subsequently, the above said ineffective assistance of counsel's failure to raise this egregrious "plain error" has constituted a failure of equal protection of law and a gross miscarriage of justice and should not have happened!

Petitioner understands a violation of Federal and State law is not cognizable in a federal habeas proceeding unless the violation is of constitutional magnitude. In U.S. v. Hall, 152 F.3d. 381, 403 (5th Cir.1998), plain error rule applies only if error affects the integrity of judicial. Also see U.S. v. Romer, 148 F.3d. 359,367.(4th Cir.1998), Plain error rule applied only if "error seriously affects the fairness, integrity or public reputation of judicial proceedings".

Plain error must be so plain that trial court and prosecutor were derelict in not noticing it. U.S. v. Sposito, 106 F.3d 1042, 1049 (1st Cir.1997). According to Texas CCP Art. 2.01, "... It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done. Obviously this has not been the scenario in Petitioner Garza's case.

The Suprem Court has characterized plain error that is "clear" or "obvious", (U.S. v. Griffith, 118 F.3d 318, 325

8

(5th Cir.1997, 2nd affects the defendant's "substantial rights".

Application of plain error rule does not require that defendant actually be innocent. U.S. v. Baid, 134 F.3d 1276, 1283 (6th Cir.1998). Courts analysis centers not on the outcome of the trial, conviction or acquittal, but rather on the "fairness" and "integrity" of the proceedings themselves. U.S. v. Dean, 76 F.3d 329, 334 (10th Cir.1996).

### Prayer of Relief

WHEREFORE PREMISES CONSIDERED, Petitioner prays that this Honorable Court will grant this Motion in the interest of justice and Reverse this case back for a new trial, and at the very least reverse this case back to the Direct Appeal phase.

### MAIL BOX VERIFICATION

I, Eliseo H. Garza, do hereby declare under penalty of perjury that I have placed the foregoing 60B MOTION, NEWLY DISCOVERED EVIDENCE, in the mail box at the W.G. McConnell Unit mail box.

Executed at  9  a.m./p.m., on this the 2nd day of Oct 2003.

### VERIFICATION

I, Eliseo H. Garza, being presently incarcerated in the TDCJ McConnell, Unit do hereby declare under the penalty of Perjury that I am the Petitioner in this 60B Motion, and I have read the same and that all things therein is true and correct.

*Eliseo H. Garza*
Eliseo H. Garza

EXHIBIT "A"

COPY

Eliseo Hinojosa Garza
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

EXHIBIT: A

March  ,2003

To: Willacy County District Clerk,
    Mr. Gilberto Lozano, District Clerk
    of the 107th Judicial District Court,
    COURT HOUSE
    Raymondville, Texas 78580

Re: THE STATE OF TEXAS VS. Eliseo Hinojosa Garza, a/k/a Joe Garza
    Request for Arrest Warrant and Affidavit In Cause No.4120B

TO WIT:  OPEN RECORDS REQUEST

    Clerk of the Court Mr. Gilberto Lozano: PLEASE BE ADVISED THAT UNDER SECTIONS: § 552.001, § 552.021, § 552.0022, § 552.221, and 552.353 of Chapter 522 OPEN RECORDS, pursuant to VERNON'S TEXAS CODE ANNOTATED GOVERNMENT. This is a request for the ARREST WARRANT AND AFFIDAVIT for the arrest of applicant on the 16th day of April, 2003 A.D.1998 at his place of business at approximately 6:00P.M. This request for the Warrant & Affidavit is pursuant to Chapter 522 OPEN RECORDS REQUEST OF THE VERNON'S TEXAS CODES ANNOTATED GOVERN, which states:

(a) an officer for public records of a governmental body shall promptly produce public information for inspection, duplication, or both in the offices of the governmental body on application by any person to the officer.
(b) if the requested information is available at the time of the Request to examine because it is in active use or in storage, the officer for public records shall certify this facts in writing to the applicant and set a date and hour within a reasonable time the records will be available for inspection or duplication. Added by Acts 1993, 73rd Leg., cit 268 § 1 effec. Sept. 1, 1993 § 552.353. Failure or Refusal of OFFICER for Public Records, or the Officers Agents to Provide Access to or Copying of Public Records:
(a) an officer for Public Records, or the Officers Agents Commits an Offense if, with Criminal Negligence, the Officer or the Officers Agents fails or Refuses to give Access to or permit, or provide Copying of Public Records to a person on request as provided by this Chapter.
(f) A violation under this section constitutes official misconduct.

    Applicant request copies of these items to wit: Arrest Warrant and Affidavit of his arrest on 16th day of April, 1998 A.D., which is pursuant to Chapter 552 OPEN RECORDS OF VERNON"S TEXAS CODE ANNOTATED GOVERN; 552.221 and 552.353. This information is extremely necessary in the process to prepare a legitimate and accurate Writ of Habeas Corpus for the above named applicant.

EXHIBIT: A

In response to this request applicant is providing Ten(10) days to respond with requested information and failure to respond with Copies will be admitting that the Arrest Warrant and Affidavit do not exist. Applicant is aware that it takes seven (7) days for mail to reach the Court(s), so the Ten (10) the days will start from March 11 ,2003, and expires March 24 ,2003.

In the interest of justice, please be advised that pursuant to § 552.353 (f) Failure to provide the Copies of the Arrest Warrant and Affidavit constitutes official misconduct, and prejudice toward the applicant.

<u>Oath Before Notary Public</u>

I Josefina G. Fambrough , a Notary Public and thereby an officer of the Court do hereby attest that I have reviewed the content pertaining to this Request for Arrest Warrant and Affidavit on this 11 day of March in the year 2003, says; that he is the applicant in this Request and knows the contents of the above Request to be true and correct.

Response by the Clerk to this Request should be mailed to my attention at : William G. McConnell Unit at 3001 S. Emily Dr., Beeville, Texas 78102, but in care of Eliseo H. Garza #875733, to insure the proper receipt of response. Documentation of the response by this officer OF THE COURT is imperative. Confirming the receipt of the response in the proper time required and that the response copies in this LEGAL REQUEST is the stated function of this Officer Of THE COURT.

The proper Response to send Copies of Arrest Warrant and Affidavit or Failure to Respond or sond Copies will be noted no later than 24 day of March 2003. This is our Final Request in the attempt to obtain Arrest Warrant and Affidavit of the applicants April 16, 1998, arrest in Raymondville Texas, and Failure to send Copies will be admitting they do not exist. Which is a violation of applicant Fourth U.S Constitutional Right.

Seal of the Officer of the Court:

_____   [SEAL: JOSEFINA G. FAMBROUGH MY COMMISSION EXPIRES August 28, 2004]   DATE 3-11-03
NOTARY PUBLIC

ELISEO H. GARZA BY & THROUGH HIS
ATTORNEY IN FACT:
By:_____   DATE   3-11-03
Signature of Applicant
Yolanda G.Garza, Attorney in fact

**EXHIBIT "B"**



# OFFICE OF THE DISTRICT CLERK
## COUNTY OF WILLACY

### GILBERT LOZANO
*District Clerk*

---

March 24, 2003

Eliseo Hinojosa Garza
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

Dear Sir;

In answer to your letter dated "March 2003, TO WIT: open Records Request" we have not been able to locate an "Arrest Warrant and Affidavit of arrest for the 16th day of April 1998 A.D".

Please let me know if I can be of any further help and be assured of our continued cooperation.

Respectfully,

Gilbert Lozano
District Clerk


**EXHIBIT: B**